IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANDREW LEE SELPH                                                                    PLAINTIFF

v.                              Civil No. 09-2069

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Andrew Selph, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI) under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

The plaintiff filed his applications for DIB and SSI on July 18, 2007, alleging an onset date of June 24, 2005, due to a soft tissue injury to the right upper extremity; chronic headaches; chronic back pain; and, right knee pain. (Tr. 104, 108, 150, 153-154).  His applications were initially denied and that denial was upheld upon reconsideration. (Tr. 49-52, 64-75).  Plaintiff then made a request for a hearing by an Administrative Law Judge (ALJ).  An administrative hearing was held on August 13, 2008. (Tr. 6).  Plaintiff was present and represented by counsel.

**AO72A**
**(Rev. 8/82)**

At this time, plaintiff was 51 years of age and possessed a high school education. (Tr. 11). He had past relevant work experience as a circuitry operator, housekeeper, tow truck operator, and convenience store clerk. (Tr. 12-19, 137-141).

On December 5, 2008, the ALJ found that plaintiff's soft tissue injury to the upper extremity; chronic back pain; and, right knee pain were severe impairments, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (Tr. 58-60). After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity to perform light work that does not involve overhead reaching wit his dominant right arm and hand or climbing scaffolds, ladders, and/or ropes. Mentally, the ALJ concluded that plaintiff was able to perform activities with non-complex, simple instructions that require little judgment; are routine, repetitive, and learned by rote with few variables; where superficial contact with the public and co-workers is incidental to the work performed; and, where the supervision is concrete, direct, and specific. (Tr. 60). With the assistance of a vocational expert, the ALJ concluded that plaintiff could perform work as an inspector, machine tenderer, and poultry deboner/eviscerator. (Tr. 62).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 7, 2009. (Tr. 1-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 8, 9).

**II.   Applicable Law**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or

3

mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion

After reviewing the medical evidence of record, the undersigned finds that the ALJ's RFC is not supported by substantial evidence.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

We note that the ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). In determining whether an ALJ has fully and fairly developed the record the proper inquiry is whether the record contained sufficient evidence for him to make an informed decision. *See Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

The medical evidence of records consists of only two documents: a general physical examination and an RFC assessment. On October 11, 2007, plaintiff underwent a general physical examination with Dr. Michael Westbrook. (Tr. 180-186). Plaintiff complained of right arm pain with associated numbness and sharp pains that radiated into his right hand. He stated that he had undergone surgery on the shoulder in 1984, due to instability. Plaintiff also reported back pain resulting from pulled muscles that radiated to his right hip and calf. Although this had been ongoing for 5 years, plaintiff had undergone no scans. He was also reportedly suffering from right knee pain. A physical examination revealed normal range of motion in all joints. Plaintiff has 1/5 weakness in his entire right extremity and only 80% grip strength in his right hand. Dr. Westbrook diagnosed plaintiff with status post stability procedure in right shoulder, right arm weakness that was difficult to evaluate, right knee pain, and back pain. He suggested that plaintiff undergo a work-up concerning his right arm. (Tr. 186).

On October 12, 2007, Dr. Jerry Mann reviewed plaintiff's medical records and completed an RFC assessment. (Tr. 187-194). He concluded that plaintiff could perform light work with no additional limitations. (Tr. 187-194).

5

Of particular concern to the undersigned is the limited medical evidence available for review and Dr. Westbrook's indication that a further work-up was necessary regarding plaintiff's right arm. We note that no such follow-up was ever completed and the Administration failed to send plaintiff for a consultative orthopedic evaluation. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Further, as the only doctor to actually examine the plaintiff, Dr. Westbrook failed to offer any opinion concerning his ability to perform work-related activities. As it was not clear to Dr. Westbrook exactly what plaintiff's right arm limitations would be, we believe that remand is necessary to allow the ALJ to develop the record further by sending plaintiff for an orthopedic evaluation to determine his true limitations. Accordingly, we do not find substantial evidence to support the ALJ's decision.

**IV.  Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of May 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)